IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| LUIS ANDREW CANO, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:13-CV-125 |
| | § | |
| WILLIAM STEPHENS, | § | |
| Director, Texas Dep't of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION TO
## DENY PETITION FOR WRIT OF HABEAS CORPUS

Petitioner LUIS ANDREW CANO has filed a Petition for a Writ of Habeas Corpus by a Person in State Custody challenging his conviction out of the 223rd Judicial District Court of Gray County, Texas for escape and the resulting seven-year sentence. For the reasons hereinafter expressed, the United States Magistrate Judge is of the opinion petitioner's application for federal habeas corpus relief should be DENIED.

### I.
### PETITIONER'S ALLEGATIONS

Petitioner contends respondent is holding him in violation of the Constitution and laws of the United States for the following reasons:

1.   He received ineffective assistance of counsel when trial counsel advised him to accept a plea deal without first investigating petitioner's history of mental illness.

2.   He received ineffective assistance of counsel when trial counsel misadvised him that his sentence on the escape conviction would run concurrently with another sentence.
3.   The State failed to diligently prosecute him.

  4.  The sheriff's office lied to him.

II.
APPLICABILITY OF THE STATUTE OF LIMITATIONS

*A. The Applicability of 28 U.S.C. § 2244(d)(1)(A)*

  Petitioner has filed his section 2254 petition after the April 24, 1996 effective date of the AntiTerrorism and Effective Death Penalty Act of 1996 (AEDPA). His claim is therefore governed by the AEDPA's provisions. Under the AEDPA, a federal habeas corpus petitioner must establish the conviction he challenges has been final for no longer than one year. There are four different ways to measure the one-year time period based upon different triggering events. *See* 28 U.S.C. § 2244(d)(1). The primary triggering event for limitations purposes is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). A state conviction becomes final under this provision when there is no more "availability of direct appeal to the state courts." *Jimenez v. Quarterman*, 555 U.S. 113, 119, 129 S.Ct. 681, 172 L.Ed.2d 475 (2009). In a case, such as the one at bar, where the defendant pleads guilty and does not directly appeal the judgment, the conviction is final for federal habeas corpus purposes thirty days after the defendant is sentenced. *Rodriguez v. Thaler*, 664 F.3d 952, 954 (5th Cir. 2012).

  In this case, because petitioner Cano appears to have been placed on deferred adjudication probation, which was later revoked, he has two separate AEDPA limitations dates—one starting when he was first placed on deferred adjudication community supervision and the other starting when the deferred adjudication was revoked. *See Caldwell v. Dretke*, 429 F.3d 521, 526–27 (5th Cir.2005). Petitioner Cano indicates he "signed a plea deal of (4) years of probation on (3/30/10)." (Habeas Corpus Petition, doc. 3, pg. 13 (July 5, 2013)). Without any appeal of the deferred

adjudication, and assuming the day on which he "signed a plea deal" is the same as the day on which the deferred adjudication probation was imposed, the judgment on deferred adjudication became final thirty days after its entry, which was April 29, 2010. *See* Tex. R. App. P. 26.2(a)(1). Under the AEDPA, petitioner Cano had one year from April 29, 2010, to raise any complaints regarding problems arising from the deferred adjudication proceedings. *See* 28 U.S.C. § 2244(d)(1).

It appears as though petitioner's deferred adjudication probation was revoked in February 29, 2012. Petitioner did not appeal the revocation. Under the AEDPA, the conviction became final March 30, 2012. Barring tolling, any federal habeas corpus petition was due March 30, 2013. Petitioner did not file any action in any court challenging the deferred adjudication probation or its revocation until his April 8, 2013, state application for a writ of habeas corpus. That application was denied without written order on May 29, 2013. Petitioner's federal habeas corpus petition was then filed July 2, 2013.[1]

In sum, any federal challenge to errors occurring as a result of the deferred adjudication probation was due April 29, 2011. Any such challenge to errors occurring as a result of the revocation was due March 30, 2013. Petitioner did not file his federal habeas corpus petition, however, until July 2, 2013, which was *after* the deadline had already expired. The tardiness of the petition is particularly egregious when viewed in light of the fact petitioner's challenges appear to be based upon events arising at the time of the imposition of the deferred adjudication probation in

---

[1] Petitioner failed to date the declaration of when he placed his federal petition into the prison mailing system. The postmark on the envelope in which the petition was mailed is indiscernible. However, attached to the petition is a letter from petitioner directed to the Court to accompany the petition. That letter is dated July 2, 2013. The Court will deem the petition filed July 2, 2013, pursuant to the prison mailbox rule, as that is the earliest discernable date it could have been placed in the prison mail. *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

2010.[2] Petitioner's federal habeas corpus petition was filed *after* the one-year AEDPA deadline.

Petitioner has presented nothing indicating a provision other than section 2244(d)(1)(A) is applicable to his case, nor does equitable tolling appear to be warranted. *See* 28 U.S.C. § 2244; *Holland v. Florida*, 130 S.Ct. 2549, 2560, 177 L.Ed.2d 130 (2010). Therefore, petitioner's claims are barred by the one-year AEDPA limitations period. *See* 28 U.S.C. § 2244(d).

### III.
### RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner LUIS ANDREW CANO be DENIED.

### IV.
### INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 5th day of August, 2013.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

---

[2] Petitioner's April 8, 2013, state habeas corpus application was filed after the expiration of the AEDPA deadline and therefore did not toll the federal limitations period. *See* 28 U.S.C. § 2244(d)(2).

## * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).